In a petition for rehearing counsel strongly urge that the position of the use plaintiff as he approached the railroad track was such that he could not see or readily discover an approaching train, and that, in view of his position, he was not grossly negligent, while the defendant, under the evidence construed most favorably for the plaintiff, was guilty of negligence. Upon these premises they earnestly contend that the recovery should be supported under the last clear chance doctrine. This question was fully presented upon the original argument and decided in the original opinion according to our view of the law. We deem it unnecessary to add to what is there said. It must be remembered that the doctrine of comparative negligence does not obtain in this jurisdiction.
We think a clearer understanding of the facts may be had if there is appended hereto some photographs showing the crossing, the approach and the character of vehicle which was being driven by the injured plaintiff. The first picture is plaintiff's exhibit "C," which shows a truck like the one driven by the injured plaintiff in a position of approach to the crossing in question (the train approached on the driver's *Page 413 
right); the other is defendant's exhibit 4, which shows the crossing in question looking eastward, the direction from which the train approached. The truck approached from the right and the collision was upon the crossing marked with an X.
The petition for rehearing is denied.
CHRISTIANSON, Ch. J., and NUESSLE, JOHNSON, and BURKE, JJ., concur.